**In the Matter of CARBONDALE IN-
DUSTRIES, Inc., Debtor.**

**No. 10829.**

United States District Court,
M. D. Pennsylvania.

Dec. 30, 1954.

Albert H. Aston, Sp. Master, Wilkes-Barre, Pa., for petitioner.

David H. Frantz, Philadelphia, Pa., for the Reconstruction Finance Corp.

WATSON, Chief Judge.

This matter is before the Court upon petition of Albert H. Aston, Special Master, for payments into the Referees' Salary Fund and the Referees' Expense Fund.

In September, 1952, Reconstruction Finance Corporation was the owner and holder of a certain Real Estate Industrial Plant Mortgage of Carbondale Industries, Inc. upon the plant and premises of Carbondale Industries, Inc., and as such was a secured mortgagee creditor of Carbondale Industries, Inc. The mortgage debt was approximately $97,-000. On September 25, 1952, RFC instituted foreclosure proceedings on the said mortgage in the Middle District Court of Pennsylvania by the entry of judgment on the Bond accompanying the mortgage. The United States Marshal's sale was advertised and fixed for November 14, 1952. On that date, before the time fixed for the Marshal's sale Carbondale Industries, Inc., Debtor, filed its voluntary petition for Reorganization under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq. Upon hearing thereon, this Court entered an Order staying the RFC mortgage foreclosure sale "until further Order of this Court", pending the approval or dismissal of Carbondale's reorganization petition.

Thereafter, RFC filed an answer opposing Carbondale's petition for reorganization and a motion to dismiss said petition. This Court entered an Order referring the proceeding to Albert H. Aston, Esquire, Special Master, to take testimony and to make recommendations on the issues presented by Carbondale's petition and RFC's answer and motion to dismiss. Thereafter, hearings were held by the Special Master. RFC opposed the petition at every stage of the proceedings and asserted its right to proceed with foreclosure of its mortgage. On June 24, 1953, the Special Master filed his report recommending dismissal of Carbondale's petition for reorganization. On July 23, 1953, this Court, pursuant to the Special Master's report and recommendations, ordered dismissal of Carbondale's Chapter X petition.

Thereafter on August 10, 1953, RFC issued an Alias Writ of Fieri Facias in resumption of its mortgage foreclosure

proceedings and on September 14, 1953, pursuant to said Writ, the United States Marshal for the Middle District of Pennsylvania held the mortgage foreclosure sale, at which RFC, as mortgagee, as the highest and best bidder, became the purchaser for $70,000. The proceeds of the sale, after payment of taxes and costs, were not sufficient to pay the RFC mortgage debt of $97,000 and Carbondale remained indebted to RFC thereon to the extent of approximately $25,000.

In the meantime, on September 3, 1953, the Special Master had filed his petition for allowances and payments into the Referees' Salary and Expense Funds in the sum of $750 and to make such allowances a lien upon the property of Carbondale prior to the lien of the RFC mortgage. On October 6, 1953, RFC filed its answer to the Special Master's petition denying the justification for the charge of $750 as a lien upon Carbondale's property prior to the lien of the RFC mortgage. A hearing was duly held on the petition and the matter is now before the Court for disposition.

RFC objects to the impression of any such allowances as a lien upon the property of Carbondale prior to the lien of the mortgage held by RFC and denies that any such allowances can be properly paid out of the fund created at the foreclosure sale ahead of the payment to RFC of its mortgage debt in full.

RFC contends that the mortgage lien may not be impaired in a corporate reorganization proceeding before a final plan of reorganization has been approved. Whether or not the Court agrees with this contention is immaterial in this situation. The RFC as secured mortgagee creditor opposed at every stage the approval of the Debtor's Chapter X petition and insisted that it be allowed to resume its mortgage foreclosure proceedings. Here the Chapter X petition was never approved by the Court, but, on the contrary, was dismissed. Consequently, the reorganization was abortive.

It should be borne in mind that the requirement of good faith cuts across this entire field, so that proceedings uselessly protracted must be terminated with a denial of compensation. Thus, it is germane that a voluntary petition is filed at a time when foreclosure proceedings are pending, and when reorganization is obviously impracticable. If the obvious purpose of the petition is to obstruct the secured creditors in the fruition on their security, it would be unjust and unconscionable to compel them to finance the obstruction.

The Special Master's petition will be dismissed and an appropriate order will be entered herewith.